UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLENA BURGE SMILEY, D.M.D.,

    Plaintiff,

vs.                                Case No.: _____

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY, d/b/a THE HARTFORD.,

    Defendant.
_____/

COMPLAINT FOR STATUTORY PENALTIES AND
TO OBTAIN PREVIOUSLY REQUESTED DOCUMENTS

    The Plaintiff, ALLENA BURGE SMILEY, D.M.D, ("Dr. Burge"), sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, d/b/a THE HARTFORD, and states:

JURISDICTION AND VENUE

1.    This is an action by Dr. Burge to obtain ERISA documents, the ERISA administrative file, the ERISA Summary Plan Description, and the ERISA Plan/contract of insurance, pursuant to 29 U.S.C. 1132(a)(1)(A), Section 502 of the Employment Retirement Income Security Act ("ERISA"). Dr. Burge also seeks statutory penalties of up to $110.00 per day pursuant to the same statutory section, and further seeks attorney fees and costs which she has incurred in pursuing this action pursuant to 29 U.S.C. § 1132(g).

2. At all times material to this action, Dr. Burge was a participant in an employee welfare benefit plan under the ERISA providing group disability insurance benefits.

3. Dr. Burge currently is a resident of the State of Florida with a home address in Tarpon Springs, Florida which is lies within the jurisdiction of this Honorable Court.

4. At all times material to this action, Defendant, THE HARTFORD, was a foreign for profit corporation authorized to do business in the State of Florida and actively engaged in business throughout the Middle District of Florida.

5. For purposes of this action, and at all times material to this action, Dr. Burge was an employee of Smile Brands, Inc., and a beneficiary of the Smile Brands, Inc., Long Term Disability Plan, an ERISA Plan.

6. This Honorable Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331 (Federal Question Jurisdiction), and pursuant to the ERISA, 29 U.S.C. §§ 1132(3)(1) and 1132(f).

7. Venue is proper in this district pursuant to 29 U.S.C. § 1132(3)(2) in that THE HARTFORD, after appropriate written demand, (1) denied and refused to supply to Dr. Burge the ERISA administrative file, the ERISA Summary Plan Description [SPD], and the ERISA Plan/contract of insurance which had an effect in this venue as Dr. Burge resides within it; and (2) the place where Dr. Burge would have received this information had the Defendant, THE HARTFORD, complied with 29 U.S.C. § 1132, was within the jurisdiction of the Middle District of Florida.

## FACTUAL ALLEGATIONS

8. At all times material to this action, Defendant, THE HARTFORD, was the ERISA Plan's

claims and appeals administrator and an ERISA fiduciary.

9. Dr. Burge is entitled by law, 29 U.S.C. § 1024(b), to a legible copy of the ERISA administrative file; the ERISA Summary Plan Description, and the ERISA Plan/contract of insurance, all of which are relevant and necessary to the filing of any ERISA appeal which is governed by the terms of the ERISA Plan. Ingorvaia v. Reliastar Life Insurance Company, 2013 U.S. Dist. LEXIS 69960 (S.D. Ca. May 14, 2013), applying the holding of U.S. Airways v. McCutchen et al., 133 S.Ct. 1537 (2013).

10. By letter of September 5, 2013, Dr. Jones received a letter from The Hartford's Darin Bishop, Investigative Specialist, which stopped the payment of disability benefits to Dr. Burge, allegedly because she no longer met the definition of disability. A copy of this letter is attached to this Complaint as **Exhibit A**.

11. On or after September 5, 2013, Dr. Burge retained the undersigned counsel to file an administrative appeal seeking to reinstate the disability benefits.

12. By certified letter of September 13, 2013, the undersigned counsel wrote to Defendant THE HARTFORD initiating an administrative appeal by requesting (1) the complete administrative file; (2) the Summary Plan Description [SPD], and (3) the ERISA Plan. A copy of counsel's letter is attached and incorporated herein as **Composite Exhibit B**, which consists of the letter, the proof of service by certified U.S. Mail on September 17, 2013, and proof of receipt of a FAX of this letter by THE HARTFORD on September 13, 2013.

13. More than 30 calendar days have passed, and THE HARTFORD has not responded to Dr Burge by sending to her the ERISA administrative file; the ERISA SPD, or the ERISA Plan.

14. Dr. Burge has satisfied her burden to exhaust all administrative remedies prior to the filing

of the instant complaint.

15. All conditions precedent to the filing of this lawsuit have been satisfied or waived.

## COUNT I

16. Averments 1 through 15 are incorporated by reference in this Count as though they had been specifically pled herein.

17. THE HARTFORD's letter of September 5, 2013, notified Dr. Burge that THE HARTFORD stopped paying disability benefits to her per the terms of her ERISA Plan. See **Exhibit A** to this Complaint.

18. Dr. Burge, through the undersigned counsel, wrote to THE HARTFORD by certified letter of September 13, 2013, which was received by Defendant THE HARTFORD on September 17, 2013, which demanded from THE HARTFORD the complete ERISA administrative file; the SPD, and the ERISA Plan. This letter was also sent to THE HARTFORD by FAX on September 13, 20113, and received by them that day. See, **Composite Exhibit B** attached to this Complaint..

19. The documents demanded from THE HARTFORD as set forth in Averment 19 are relevant and necessary to Dr. Burge in order to prepare and to file an initial ERISA administrative appeal with THE HARTFORD, an ERISA fiduciary and the claims and appeals administrator of the ERISA Plan.

20. More than 30 days have passed since Dr. Burge's written demand was made upon THE HARTFORD.

21. THE HARTFORD has not complied with Dr. Burge's demand for the ERISA administrative file, the SPD, or the ERISA Plan/contract of insurance.

WHEREFORE, Dr. Burge requests that the Defendant, the HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, d/b/a THE HARTFORD, be found liable for violation of the ERISA law by failing to provide Dr. Burge with the ERISA administrative file, the ERISA Summary Plan Description, and the ERISA Plan/insurance contract, and:

a. Be assessed the maximum penalty prescribed by 29 U.S.C. § 1132(c),

b. Be awarded reasonable attorney fees per 29 U.S.C. § 1132(g);

c. Be awarded costs of suit;

d. Be granted an enlargement of time in which to file her initial ERISA administrative appeal, said time not to commence until after receipt of the ERISA administrative file, the ERISA Summary Plan Description, and the ERISA Plan/contract of insurance from THE HARTFORD;

e. Any other relief under law or equity which this Honorable Court deems just and proper.

Date: November 5, 2011

s/Nicholas E. Karatinos
Florida Bar No. 109742
Law Office of Nicholas E. Karatinos
18920 N. Dale Mabry Highway, Suite 102
Lutz, FL 33548
Tel:   813.345.5945
FAX: 812.949.0373
Nek1720@aol.com; karatinos@verizon.net
Counsel for the Plaintiff Juanetta Jones



THE HARTFORD

September 5, 2013

Law Office Of Nicholas E. Karatinos
18920 North Dale Mabry Highway Ste. 102
Lutz, FL 33548

Policy Holder:   Smile Brands Inc.
Claimant:        Allena Burge
Insured ID:      9003923106
Policy Number:   GLT674733

Dear Mr. Karatinos,

We are writing to you about Ms. Burge's claim for Long Term Disability (LTD) benefits. These benefits are under the group insurance policy number GLT674733 for Smile Brands, Inc.

We have completed our review of Ms. Burge's claim for continued benefits and have determined that the evidence submitted in support of her claim does not establish that she continues to meet the policy definition of Disability as of 9/6/13.

The policy booklet states under the "Definitions" section:

Pg. 20   "Total Disability or Totally Disabled: means during the Elimination Period and for the next 24 month(s), as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your occupation in the usual or customary way.

After that, as a result of injury or sickness You are unable to engage with reasonable continuity in Any Occupation."

Pg. 17   "Any Occupation, if used in this Booklet-certificate, means an occupation in which You could reasonably be expected to perform satisfactorily in light of Your age, education, training, experience, station in life, and physical and mental capacity."

"Essential Duty means the substantial and material acts that are normally required for the performance of Your Usual Occupation, which cannot reasonably be omitted or modified.

To be at work for the number of hours in Your regularly scheduled workweek is also an Essential Duty."

EXHIBIT "A"

The Hartford
Sacramento Disability Claim Office
P.O. Box 14302
Lexington, KY 40512-4302
Telephone 800 289 9140
Fax (866) 583-8237

The policy booklet states under the "Benefits" provisions section:

Pg. 8 "When will benefit payments terminate?
We will terminate benefit payment on the first to occur of:
1. the date You are no longer Disabled as defined;
2. the date You fail to furnish Proof of Loss, when requested by us;
3. the date You are no longer under the Regular Care of a Physician, or refuse our request that You submit to an examination by a Physician;
4. the date You die;
5. the date determined from the Maximum Duration of Benefits Table shown in the Schedule of Insurance;
6. the date no further benefits are payable under any provision in this plan that limits benefit duration; or
7. the date You refuse to receive recommended treatment that is generally acknowledged by physicians to cure, correct or limit the disabling condition."

We based our decision to terminate Ms. Burge's claim for additional benefits upon policy language, and all documents contained in her file, viewed as a whole, including the following specific information listed.

1. Employee's Statement of Disability completed by Ms. Burge dated 2/19/12;
2. Employer's Statement of Disability completed by Fisher Williamson dated 6/18/12;
3. Attending Physician's Statement completed by John Sullivan, MD dated 3/26/12;
4. Attending Physician's Statement completed by John Sullivan, MD dated 9/6/12;
5. Surveillance report and video for surveillance performed on 1/18/13, 1/19/13, 2/13/13 and 2/14/13;
6. Medical records received from Robert Martinez, MD for the period through 4/15/13;
7. Medical records received from John Sullivan, MD for the period through 5/2/13;
8. Medical records received from Juliette Gittinger, MD for the period through 3/5/13;
9. Personal Interview with Hartford Investigator Brian Schmall on 4/18/13;
10. Letters mailed to John Sullivan, MD and Robert Martinez, MD on 7/2/13;
11. Response received from John Sullivan, MD dated 7/5/13;
12. MCN report dated 8/2/13 completed Henry De Leeuw, MD, Board Certified Orthopaedic Spine Surgeon;
13. Medical Case Manager review completed on 8/5/13; and
14. Employability Analysis Report and Labor Market Survey completed on 8/26/13 by a Vocational Rehabilitation Clinical Case Manager.

We received Ms. Burge's complete claim for Long Term Disability benefits on 6/18/12. The information received indicated that she was hired on 5/16/06 and insured under the above policy on 9/1/06. We determined she last worked on 5/31/10 due to spinal stenosis, was Disabled as of 6/1/10 and benefits were effective beginning 9/9/10. In a previous correspondence to Ms. Burge we advised her that effective 9/9/12, she must meet the policy definition of Disabled as outlined in the second portion of the above definition in order to continue to be eligible for LTD benefits.

In the Attending Physician Statement dated 9/6/12 and signed by John Sullivan, MD, it was reported that Ms. Burge was limited in her ability to practice dentistry due to continued symptoms of pain.

A-2

As part of our claim management and to document Ms. Burge's current level of functionality, surveillance investigations were performed on 1/18/13, 1/19/13, 2/13/13 and 2/14/13. During the surveillance Ms. Burge was observed walking to a moderate pace, standing, sitting for a sustained period as she rode a recumbent bicycle (for approximately 16 miles), fingering/handling, grasping, reaching bending, extending her head and neck and using her bilateral upper and lower extremities in a repetitive manner, among other activities with no noticeable signs or symptoms of pain, weakness, or fatigue.

The surveillance reflected her active in a manner and for periods of time inconsistent with the noted restrictions and limitations being communicated. The surveillance reflected normal use of both her upper and lower extremities, as the activities seen during surveillance were conducted in what appeared to be a normal manner and without the use of any assistive devices.

On 4/18/13 Hartford Investigator, Brian Schmall, interviewed Ms. Burge at your law office located at 18920 N. Dale Mabry Hwy. #102 in Lutz, FL. During the 1 hour interview, Ms. Burge was observed sitting in a large chair with armrests for the majority of the interview. Investigator Schmall states that Ms. Burge did not complain of pain or fatigue at anytime during the course of the interview in conjunction with her observed ability to sit, stand and walk. Investigator Schmall also notes that he did not observe any type of cognitive or concentration type difficulties on behalf of Ms. Burge during the interview process.

During the in-person interview Ms. Burge reported that she has multiple spine herniations as her disabling medical condition which prevents her from returning to work. She advised that she is not currently involved in any treatments, therapy or exercise; however, she did previously treat with a chiropractor (approximately 2 years). Ms. Burge indicated that she does not utilize any special equipment to walk or move around.

Ms. Burge stated that she can stand in one spot for approximately 20 to 30 minutes; she can lift and carry approximately 5 pounds; she is able to bend or flex forward to touch her thighs, knees and shins; however is unable to touch the floor; she is able to squat down; however has difficulty getting back up. She is able to walk for approximately one-quarter mile maximum at a time; and she can sit for approximately 90 minutes at one time.

Ms. Burge indicated that she feels as though her condition has deteriorated in the last 6 months; stating that her herniation is getting worse. She reported not knowing why this is occurring. Ms. Burge also advised of not being able to do the work that she used to do at the present time; however, she also reported that she is currently working part-time (approximately 8 hours per month) for Mid-America extracting teeth from prisoners at the Hernando County Jail for $80/hour. She stated she is also a reservist in the Air Force working a total of 24 days per year in Langley, VA, performing administrative duties. Ms. Burge stated that she is currently attending Capella University (online) and studying emergency management.

On 7/2/13, we forwarded a copy of the surveillance video and report as well as the in-person interview statement obtained by Hartford Investigator Brian Schmall to John Sullivan, MD and Robert Martinez, MD for review and comment. Based on our assessment, we concluded that Ms. Burge was capable of returning to work full time in a light occupation with the ability for sitting, standing, and walking in an unrestricted manner, full use of her upper extremities; the ability to lift up to 20 pounds on an occasional

A-3

basis and 10 pounds on a frequent basis. In addition, we asked her physicians whether they recommended any additional restrictions and limitations. If they did not agree, we asked that they explain in detail.

On 7/5/13, we received a response from John Sullivan, MD which indicated that he disagreed with our assessment regarding Ms. Burge's ability to perform full-time light work.

No response was received from Robert Martinez, MD.

On 8/2/13, an independent medical review was conducted by Henry De Leeuw, MD, Board Certified Orthopaedic Spine Surgeon.

Upon completion of the review of he medical records, interview statements, and the videotape surveillance Dr. De Leeuw opined that Ms. Burge would be capable of functioning in a sedentary to light occupation on a full-time basis.

Dr. De Leeuw states in his report (in part): "From a physical standpoint, patient is able to work full time currently without increased symptoms. She should be able to work forty hours per week, eight-hour shifts."

Dr. De Leeuw also states that Ms. Burge's current restrictions would include no lifting, pushing, pulling greater 20 pounds, no overhead work and no bending, twisting, or squatting. Dr. De Leeuw did consider in his review findings that Ms. Burge does have advanced degenerative disc disease of the cervical, thoracic and lumbar spine.

Dr. De Leeuw attempted to speak with both Dr. Sullivan and Dr. Martinez in an effort to discuss his review and findings. Dr. Leeuw left messages on 7/24/13, 7/25/13 and 7/26/13. Neither physician returned any of his calls.

In summary, Ms. Burge has reported an inability to work due to continued symptoms related to her back condition which limits her everyday function. However, Ms. Burge was observed performing activities which remain inconsistent with her provided statements. Ms. Burge was observed sitting, standing, walking, operating a recumbent bicycle, reaching, bending, and using your bilateral arms, hands and legs in a repetitive manner, among other activities with no noticeable signs or symptoms of pain, weakness, fatigue, or limited range of motion. The observed activities were performed in a seemingly normal manner and without the use of any assistive devices. In addition, Dr. Leeuw finds that Ms. Burge is functionally capable of performing full-time light duty.

Pursuant to the statements in her file, Ms. Burge graduated from high school and attended college, where she received a degree in Dentistry. Her work history includes working as a Dentist/Oral Surgeon and a Chief of Dental Operations.

Based on the weight of the medical evidence it appears that Ms. Burge has the ability to perform full time sedentary to light work. In order to determine whether or not she has the ability to return to any occupation, her file was forwarded to our Rehabilitation Unit for an Employability Analysis and a Labor Market Survey. Based upon a job-person match, we found she possess the transferable skills required to perform different occupations. These occupations were identified as appropriate occupations to consider

A-4

when compared to her educational background, work history, physical capabilities and required earnings potential. A Labor Market Survey was then requested to ascertain if the identified occupations existed in her geographical area, were within her physical limitations, met or exceeded her required earnings potential and were occupations for which she would be considered a qualified applicant. The survey indicated that the occupations noted below meet the referenced criteria. The occupations are:

    Dentist

The Employability Analysis and Labor Market Survey resulted in the confirmation that she appears to have sufficient skills to obtain employment within her specific functional capabilities and required earnings potential.

The weight of the medical evidence in the claim file including, but not limited to, medical records, the documented inconsistencies between Ms. Burge's reported limitations and observed activities, as well as the opinion of Henry De Leeuw, MD, supports that Ms. Burge has the ability to perform a sedentary to light occupation full time without any noted restrictions or limitations.

Dr. Sullivan and Dr. Martinez were contacted by Dr. Henry De Leeuw, MD in an effort to provide feedback. Dr. Leeuw was unable to discuss his review and findings with either physician as neither physician returned his calls.

Therefore, since Ms. Burge no longer continues to meet the definition of Disability, Long-Term Disability benefits are no longer payable to her as of 9/6/13.

The Employee Retirement Income Security Act of 1974 ("ERISA") gives you the right to appeal our decision and receive a full and fair review. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Please include your printed or typed full name, Policyholder, and at least the last four digits of your Social Security Number with your appeal letter (i.e. xxx-xx-1234). Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

Please send your appeal letter to:
    Claim Appeal Unit
    Hartford Life Insurance Company
    P.O. Box 2999
    Hartford, CT  06104-2999
    You may also elect to fax the appeal to: 860-843-7272.

Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review, we will advise you of our determination. After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

A-5

You may also have this matter reviewed by the California Department of Insurance by writing directly to them at the following address:

California Department of Insurance Consumer Communications Bureau
300 South Spring Street, South Tower
Los Angeles, CA 90013
Telephone – (213) 897-8921 or (800) 927-HELP

We reserve all rights and defenses available to us in making our determination.

If you have any questions, please feel free to contact our office at 800 289-9140, extension 2308335. Our office hours are 6:00 AM - 6:00 PM PST, Monday through Friday.

Sincerely,

*Darin Bishop*

Darin Bishop, Investigative Specialist
Hartford Life & Accident Insurance Company

A-6

# Law Offices of Nicholas E. Karatinos, Esq.

18920 North Dale Mabry Highway, Suite 102
Lutz, Florida 33548
Voice 813-345-5945
Toll Free 866-898-8703

Fax: 813-949-0373

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (866.583.8237)

To: Darin Bishop, Investigative Specialist
Of: The Hartford
From: Nicholas E. Karatinos, Esquire
Client/Matter: Allena Burge, D.M.D., ERISA Information Demand
Date: September 13, 2013

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| | 3* |
| | |
| | |

COMMENTS: Mr. Bishop - attached is my letter requesting (1) the complete ERISA administrative file; the SPD; and the ERISA Plan. Kindly respond within 30 days as is required by the ERISA. Thank-you for your assistance and cooperation.

_____
Nicholas E. Karatinos, Esq.
Counsel for Allena Burge, D.M.D.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 813.345.5945.

EXHIBIT "B"

LAW OFFICE OF

# NICHOLAS E. KARATINOS, ESQ.

18920 NORTH DALE MABRY HIGHWAY, SUITE 102
LUTZ, FLORIDA 33548
FACSIMILE (813) 949-0373
VOICE (813) 345-5945
TOLL-FREE (866) 898-8703

Admiralty and Maritime Law
Labor and Employment Law
Insurance Litigation

September 13, 2013
Certified Mail No. 7007 0710 0004 1350 0229

Darin Bishop, Investigative Specialist
Hartford Life & Accident Insurance Company
Sacramento Disability Claim Office
P.O. Box 14302
Lexington, KY 40512-4302

| | |
|---|---|
| Policy Holder: | Smile Brands Inc. |
| Claimant: | Allena Burge, D.M.D. |
| Insured ID: | 9003923106 |
| Policy Number: | GLT67433 |

Dear Mr. Bishop:

I respond to your letter of September 5, 2013, addressed to me as attorney for Allena Burge. For your convenience I attach the first page of your letter to me. As you know, I represent Dr. Burge as to all matters arising from her claim under the ERISA for long term disability benefits.

Your letter of September 5th advises that The Hartford has terminated all of Dr. Burge's long term disability benefits as allegedly she no longer meets the definition of disability under the policy.

Dr. Burge wishes to appeal this finding. Prior to doing so, however, please send the following documents to me:

1. The complete ERISA administrative file;

2. The Summary Plan Description [SPD]; and

3. The ERISA Plan.

Please note that Dr. Burge is entitled to the ERISA Plan. <u>Ingorvaia v. Reliastar Life</u>

1

Insurance Company, 2013 U.S. Dist. LEXIS 69960 (S.D.CA. May 14, 2013). The SPD is *not* the ERISA Plan. Respectfully, please consult with your attorney concerning this matter.

The ERISA requires production of these documents within 30 days of this request.

This letter is sent to you by FAX [866.583.8237], on this the 13th day of September, 2013, and by certified U.S. mail to the captioned address on this day.

Thank-you for your assistance and cooperation.

Sincerely,

Nicholas E. Karatinos, Esq.
Counsel for Allena Burge, D.M.D.

cc: Allena Burge, D.M.D.

2



THE HARTFORD

September 5, 2013

Law Office Of Nicholas E. Karatinos
18920 North Dale Mabry Highway Ste. 102
Lutz, FL 33548

Policy Holder:    Smile Brands Inc.
Claimant:         Allena Burge
Insured ID:       9003923106
Policy Number:    GLT674733

Dear Mr. Karatinos,

We are writing to you about Ms. Burge's claim for Long Term Disability (LTD) benefits. These benefits are under the group insurance policy number GLT674733 for Smile Brands, Inc.

We have completed our review of Ms. Burge's claim for continued benefits and have determined that the evidence submitted in support of her claim does not establish that she continues to meet the policy definition of Disability as of 9/6/13.

The policy booklet states under the "Definitions" section:

Pg. 20  "Total Disability or Totally Disabled: means during the Elimination Period and for the next 24 month(s), as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your occupation in the usual or customary way.

After that, as a result of injury or sickness You are unable to engage with reasonable continuity in Any Occupation."

Pg. 17  "Any Occupation, if used in this Booklet-certificate, means an occupation in which You could reasonably be expected to perform satisfactorily in light of Your age, education, training, experience, station in life, and physical and mental capacity."

"Essential Duty means the substantial and material acts that are normally required for the performance of Your Usual Occupation, which cannot reasonably be omitted or modified.

To be at work for the number of hours in Your regularly scheduled workweek is also an Essential Duty."

The Hartford
Sacramento Disability Claim Office
P.O. Box 14302
Lexington, KY 40512-4302
Telephone 800 289 9140
Fax (866) 583-8237

# Send Result Report

MFP
FS-1128MFP
Firmware Version 2JN_2F00.021.009 2010.03.02

09/13/2013 13:09
[2H9_1000.004.001] [2H9_1100.001.003] [2H9_7000.001.011]

KYOCERA

Job No.: 011868    Total Time: 0°01'34"    Page: 004

## Complete

Document:    doc20130913130709

---

# Law Offices of Nicholas E. Karatinos, Esq.
18920 North Dale Mabry Highway, Suite 102
Lutz, Florida 33548
Voice 813-345-5945
Toll Free 866-898-8703

Fax: 813-949-0373

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (866.583.8237)

To: Darin Bishop, Investigative Specialist
Of: The Hartford
From: Nicholas E. Karatinos, Esquire
Client/Matter: Allena Burge, D.M.D., ERISA Information Demand
Date: September 13, 2013

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 09/13/13 13:07 | 18665838237 | 0°01'34" | FAX | OK | 200x100 Normal/Off |

1

[ QRH0614737 ]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Darin Bishop, Investig. Specialist
Hartford Life & Accident Insur. Co.
P.O. Box 14302
Lexington, KY  40512-4302

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: Mark Hendren ☒ Agent ☐ Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☒ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7007 0710 0004 1350 0229

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

Postage: 000015853  SEP 13 2013  ZIP CODE 33548
Certified Fee
Return Receipt Fee (Endorsement Required)  Postmark Here
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $

Sent To: Burge/Bishop/The Hartford ERISA
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006  See Reverse for Instructions

7007 0710 0004 1350 0229